```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ROY GAINES,

                         Plaintiff,

          -against-                         MEMORANDUM & ORDER
                                            12-CV-5663(JS)(WDW)
ARMOR HEALTH CARE, INC., NASSAU
COUNTY JAIL, and MEDICAL STAFF
NASSAU COUNTY JAIL,

                         Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Roy Gaines, pro se
                    # 12R2768
                    Gowanda Correctional Center
                    P.O. Box 311
                    Gowanda, NY 14070

For Defendants
Armor:              John J. Doody, Esq.
                    Suzanne Emily Aribakan, Esq.
                    Lewis Brisbois Bisgaard & Smith, LLP
                    199 Water Street, 25th Floor
                    New York, NY 10038

County Defendants:  Pablo A. Fernandez, Esq.
                    Nassau County Attorney's Office
                    One West Street
                    Mineola, NY 11501
```

SEYBERT, District Judge:

This is a consolidated action in which pro se plaintiff Roy Gaines ("Plaintiff") brought suit against defendants Armor Correctional Health Services of New York, Inc. s/h/a Armor Health Care Inc. and "Medical Staff Nassau County Jail" ("Armor"), the Nassau County Jail (the "Jail"), and the Nassau County Sheriff (together with the Jail, the "County

Defendants" and collectively, "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"). Currently pending before the Court are Armor and the County Defendants' motions to dismiss.[1] (Docket Entries 28, 33.) For the foregoing reasons, Defendants' motions are both GRANTED IN PART and DENIED IN PART.

## BACKGROUND[2]

Plaintiff initially commenced a Section 1983 action against Armor and the Jail on September 14, 2012 under Case No. 12-CV-4667. The Amended Complaint in that action names additional defendants "Nassau Co. Jail, Sheriff in Charge" and "John Doe's."[3] (Am. Compl. at 3.) On November 5, 2012, Plaintiff commenced a second Section 1983 action against Armor under Case No. 12-CV-5663. Thereafter, the Court consolidated the two actions and closed Case No. 12-CV-4667. (See Docket Entry 24.)

---

[1] Also pending before the Court is Armor's original motion to dismiss, filed on March 20, 2013. (See Docket Entry 19.) Thereafter, the Court consolidated Plaintiff's cases, and Armor filed an amended motion to dismiss on June 14, 2013. (See Docket Entry 28.) Accordingly, Armor's initial motion to dismiss is DENIED AS MOOT.

[2] The following facts are drawn from Plaintiff's pleadings and are presumed to be true for the purposes of this Memorandum and Order.

[3] For ease of reference, the Court will refer to the Amended Complaint filed in Case No. 12-CV-4667 as "Am. Compl." and the Complaint filed in Case No. 12-CV-5663 as "Compl."

2

In both actions, Plaintiff alleges that on August 12, 2012, while housed at the Jail, he contracted an infection in his left foot, which he initially indicated was an infection known as MRSA (i.e., methicillin-resistant Staphylococcus aureus). (Am. Compl. at 4; Compl. at 5.) Plaintiff informed medical staff of his condition, but by the time he received treatment on August 15, 2012 he was in severe pain and could barely walk. (Am. Compl. at 4; Compl. at 5.) According to Plaintiff, his condition was intentionally left unattended until infection set in. (Am. Compl. at 4.) Furthermore, Plaintiff alleges that the "condition being complained of was actually created by Personnel . . . ." (Am. Compl. at 4.)

## DISCUSSION

Armor and the County Defendants both move to dismiss. Although both motions have been pending before the Court for several months, Plaintiff has not filed any opposition.

The Court will first address the applicable standard of review before turning to Defendants' motions. Where appropriate, the Court will address the motions simultaneously.

I. Legal Standard

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); accord Harris v.

3

Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678; accord Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

Because Plaintiff is litigating pro se, the Court reads his Complaint liberally, see, e.g., Mancuso v. Hynes, 379 F. App'x 60, 61 (2d Cir. 2010), and interprets his papers to "'raise the strongest arguments that they suggest,'" Corcoran v. N.Y. Power Auth., 202 F.3d 530, 536 (2d Cir. 1999) (quoting McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999)).

II. Failure to Exhaust

Both Armor and the County Defendants assert that the consolidated action should be dismissed because Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). The Court disagrees.

The PLRA states in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of

4

this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). However, failure to exhaust is an affirmative defense, and the Supreme Court has held that "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007). "Dismissal under Rule 12(b)(6) for failure to exhaust is thus appropriate only where nonexhaustion is apparent from the face of the complaint." Roland v. Smith, 907 F. Supp. 2d 385, 388 (S.D.N.Y. 2012) (citing McCoy v. Goord, 255 F. Supp. 2d 233, 251 (S.D.N.Y. 2003)).

Here, Plaintiff alleges that he filed a grievance and then appealed the grievance, but that there was no resolution either time. (Compl. at 5; see also Am. Compl. at 2-3.) Further, in response to the question "[i]f you did not exhaust your administrative remedies, state why you did not do so," Plaintiff states: "The grievance mechanism has been impeded by virtue of those whom are being addressed in the quasi-judicial

5

method of negligence towards fellow personnel." (Compl. at 6.) According to Defendants, these allegations demonstrate that nonexhaustion is apparent, particularly because the Jail has a three-tiered grievance system and Plaintiff has alleged only the first two steps of the grievance process. (Armor Br. to Dismiss, Docket Entry 29, at 8.)

The Court agrees that nonexhaustion is apparent from the face of the Complaint. Plaintiff clearly indicated that he did not exhaust his administrative remedies and went on to explain why he failed to do so. However, even where a plaintiff did not formally exhaust his administrative remedies, exhaustion may be excused if: (1) administrative remedies were unavailable; (2) the defendants forfeited the defense or acted in such a way as to estop them from raising it; or (3) "special circumstances" justify non-exhaustion. Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004) (internal quotation marks and citation omitted); see also Messa v. Goord, 652 F.3d 305, 309 (2d Cir. 2011).

Although it is unclear what Plaintiff intends to assert when he states that the grievance mechanism was impeded, his allegations at least plausibly suggest that the grievance system was somehow unavailable to him. In any event, inquiries regarding exhaustion and excuse typically cannot be determined on an undeveloped record. See Harris v. Westchester Cnty. Dep't of Corrs., No. 06-CV-2011, 2008 WL 953616, at *4 (S.D.N.Y. Apr.

6

3, 2008); Brown v. Austin, No. 05-CV-9443, 2007 WL 2907313, at *3 (S.D.N.Y. Oct. 4, 2007). Accordingly, Defendants' motions to dismiss on the grounds of Plaintiff's failure to exhaust his administrative remedies are DENIED.

III. Failure to State a Section 1983 Claim

Even if Plaintiff exhausted his administrative remedies, Defendants argue that Plaintiff has failed to sufficiently allege a Section 1983 claim for deliberate indifference to a serious medical need because Plaintiff has not alleged any policy or direct participation of any individual defendant. The Court agrees.

To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). In addition, a Section 1983 claim must allege the personal involvement of any individual defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)); see also Pettus v. Morgenthau, 554 F.3d 293, 300 (2d Cir. 2009). A complaint based upon a violation under

7

Section 1983 that does not allege facts establishing the personal involvement of an individual defendant fails as a matter of law. See Costello v. City of Burlington, 632 F.3d 41, 48-49 (2d Cir. 2011).

In the Court's Memorandum and Order dated December 4, 2012, filed in Case No. 12-CV-4667, the Court previously informed Plaintiff of these standards and noted that Plaintiff had failed to state a claim against Armor. As the Court previously noted, a private employer such as Armor may be held liable under Section 1983 for the acts of its employees where the unconstitutional act was authorized or undertaken pursuant to the official policy of the private entity employer and the employer was jointly engaged with state officials or its conduct is chargeable to the state. (Docket Entry 9, Case No. 12-CV-4667, at 6 (collecting cases).) However, neither the Amended Complaint filed in Case No. 12-CV-4667 nor the Complaint filed in 12-CV-5663 alleges the direct participation of any individual defendant. While the Complaint does name particular individuals--i.e, "Masten, Love, Corporal Fields," and Jane and John Does--Plaintiff does not attribute any conduct to them or allege how they were involved, if at all. Rather, Plaintiff seems to assert respondeat superior liability against Armor, which is insufficient. (See Docket Entry 9, Case No. 12-CV-4667, at 6-7 (citing Minneci v. Pollard, --- U.S. ----, 132 S.

8

Ct. 617, 625, 181 L. Ed. 2d 606 (2012) and Southerland v. City of N.Y., 681 F.2d 122, 137 (2d Cir. 2012)). Moreover, Plaintiff still has not alleged any policy, practice, or custom of Armor as is required by Monell v. Department of Social Services, 436 U.S. 658, 691-94, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) and its progeny. Accordingly, Plaintiff has failed to state a claim against Armor, and Armor's motion in this regard is GRANTED.

Similarly, Plaintiff has not adequately alleged a Section 1983 claim against the County Defendants. To the extent that Plaintiff intends to name the Nassau County Sheriff as a defendant,[4] he has not alleged the Sheriff's personal involvement. Accordingly, the County Defendants' motion to dismiss the Nassau County Sheriff for failure to allege his personal involvement is GRANTED.

Plaintiff's claim against the Jail also fails. The Jail is an administrative arm of Nassau County, and therefore lacks the capacity to be sued. See Adesola v. Cnty. of Nassau Sheriff's Dep't, No. 12-CV-1026 (JS)(GRB), 2012 WL 928316, at *3 (E.D.N.Y. Mar. 13, 2012); Hawkins v. Nassau Cnty. Corr. Facility, 781 F. Supp. 2d 107, 109 n.1 (E.D.N.Y. 2011). To the extent that Plaintiff's allegations can be construed as against

---

[4] Although the Nassau County Sheriff is never included in any of the relevant captions to this case, Plaintiff does list the Nassau County Sheriff as a defendant in his Amended Complaint. (Am. Compl. at 3.)

9

Nassau County, Plaintiff has failed to allege municipal liability under Monell. A municipality may not be held liable under Section 1983 for alleged unconstitutional actions committed by its employees solely on the basis of respondeat superior. Monell, 436 U.S. at 690-91, 98 S. Ct. at 2036. Rather, "[t]o hold a municipality liable in such an action, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) (internal quotation marks and citation omitted); see also Roe v. City of Waterbury, 542 F.3d 31, 37 (2d Cir. 2008) ("[A] plaintiff must demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the alleged injury." (quoting Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)).

To establish the existence of a municipal policy or custom, a plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision-making authority, which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge and acquiescence can be implied on the

10

part of the policy-making officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to "deliberate indifference" to the rights of those who come in contact with the municipal employees. Sulehria v. City of N.Y., 670 F. Supp. 2d 288, 320 (S.D.N.Y. 2009); see also Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002).

Plaintiff has not set forth any allegations regarding a policy or custom. In fact, he only vaguely alleges that the "condition being complained of was actually created by personnel . . . ." (Am. Compl. at 4.) Such vague and conclusory allegations do not sufficiently state a claim, and therefore the County Defendants' motion to dismiss in this regard is GRANTED.

IV. Failure to State a Claim for Deliberate Indifference to Medical Needs

Finally, to the extent that Plaintiff has attempted to name individuals, and thus could potentially assert a Section 1983 claim, the Court agrees with Defendants that Plaintiff has otherwise failed to state a claim for deliberate indifference to medical needs.

To establish an Eighth Amendment violation arising out of deliberate indifference to an inmate's medical needs, a plaintiff must allege: (1) a deprivation that is, in objective terms, "sufficiently serious," and (2) that the defendants

11

"kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998) (internal quotation marks and citation omitted). Defendants assert that Plaintiff's condition was not sufficiently serious nor does he allege that Defendants knew of and disregarded a risk to his health or safety.

As to Plaintiff's condition, he alleges that he ultimately contracted a MRSA infection. MRSA indeed could be a sufficiently serious condition. See Wargula v. Erie Cnty. Sheriff Dep't, No. 08-CV-0280, 2010 WL 376402, at *4 (W.D.N.Y. Jan. 25, 2010) (assuming that the plaintiff's MRSA infection constituted a sufficiently serious medical condition); Ramirez v. Strange, No. 08-CV-0906, 2010 WL 3828002, at *8 (D. Conn. Sept. 21, 2010) (defendants conceded that a MRSA infection is a serious medical need). However, Plaintiff does not allege that Defendants were deliberately indifferent to his medical needs. Rather, Plaintiff alleges that he complained of a "condition" through a sick call, that Defendants did not treat him until three days later, and that infection then "set in." (Am. Compl. at 4; Compl. at 5.) See Wargula, 2010 WL 376402, at *4 (dismissing deliberate indifference claim where the plaintiff was initially treated for pain, but not diagnosed and treated for MRSA until two days after the most recent doctor visit). In fact, Plaintiff specifically states that the basis for his claim

12

is medical negligence. (Compl. at 5.) Negligence, though, does not amount to a constitutional violation. See Wargula, 2010 WL 376402, at *5; Smith v. Montefiore Med. Ctr.-Health Servs. Div., 22 F. Supp. 2d 275, 281 (S.D.N.Y. 1998).

Accordingly, Defendants' motions to dismiss for failure to state a claim are GRANTED.

V.  Injunctive Relief

Armor additionally notes that the Complaint contains a request for "medical attention w/the appropriate treatment." (Compl. at 7.) However, such a claim for injunctive relief is MOOT as Plaintiff is no longer housed at the Jail. See Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility."). Accordingly, Plaintiff's claim for injunctive relief is DISMISSED WITH PREJUDICE.

VI. Leave to Replead

Finally, Armor asserts that Plaintiff should not be permitted to amend the Complaints because amendment would be futile. The Court disagrees.

The Second Circuit has stated that "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999), overruled on other grounds by Gonzaga v. Doe,

13

536 U.S. 273, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Although the Court agrees with Defendants that Plaintiff's allegations are deficient--and in fact the Court has already granted Plaintiff leave to amend his Complaint in Case No. 12-CV-4667 once--there is some "indication that a valid claim might be stated." Cuoco v. Mortisugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted). Accordingly, the Court GRANTS Plaintiff leave to amend to replead his claim of deliberate indifference to his medical needs. The Court notes, however, that Plaintiff's claim for injunctive relief is DISMISSED WITH PREJUDICE and any amendment to replead such claim would be futile.

CONCLUSION

For the foregoing reasons, Armor's original motion to dismiss (Docket Entry 19) is DENIED AS MOOT. Additionally, Defendants' remaining motions are GRANTED IN PART and DENIED IN PART. They are DENIED insofar as they seek dismissal due to Plaintiff's failure to exhaust his administrative remedies and insofar as Armor seeks dismissal of Plaintiff's Section 1983 claim with prejudice. Defendants' motions are otherwise GRANTED and Plaintiff's Complaint and Amended Complaint are DISMISSED WITHOUT PREJUDICE and with leave to amend with the exception of

Plaintiff's request for injunctive relief. If Plaintiff chooses, he must file a single Amended Complaint, stating all of his claims and factual allegations, on or before December 30, 2013. If he does not do so, the consolidated action will be dismissed with prejudice and the case will be closed.

The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: December  9 , 2013
       Central Islip, NY